Stewart, J.
In reviewing a decision of the Board of Tax Appeals, the question always is whether the decision is unreasonable or unlawful. If it is either, this court has the duty to reverse it.
*110 In the instant case, there are two questions presented to us, (1) whether a library needs money to cover an expense which it might avoid by requiring a school board to pay substantially all the cost of a service as provided by contract between the library and the school board, and (2) whether the library needs money to pay salary increases greater in amount than it requested.
Section 5705.32, Revised Code, provides in part as follows: “The commission may fix the amount of proceeds of classified property taxes, collected within the county, to be distributed to each board of public library trustees which has qualified under Section 5705.28 of the Revised Code for participation in the proceeds of such taxes based upon the needs of such library for the construction of new library buildings, parts of buildings, improvements, operation, maintenance, or otherwise, and notwithstanding the fact that alternative methods of financing such needs are available * *
It will be noted that the statute provides for the allocation of funds to a library based on its needs and not on its desires.
In the case of County of Montgomery v. Budget Commission of Montgomery County, 160 Ohio St., 263, 116 N. E. (2d), 1, this court held that the allocation to a library should be based upon its needs, without regard to any relative needs of other units entitled to share in the distribution of the proceeds of such taxes, but it also said in that case that “there is obviously a difference between what one can ‘well use’ or ‘reasonably spend’ and what one ‘needs.’ ”
Section 3375.14, Revised Code, provides as follows:
“The board of education of any city, exempted village, or local school district may provide for the establishment, control, and maintenance of school libraries for the purpose of providing school library service to the pupils under its jurisdiction. Such board of education may contract with any public board, association, or other organization operating a public library in a community to furnish such school library service, the board of education paying all or part of the expense thereof, including the salaries of school librarians, as compensation for the service rendered.
“Such board of education may purchase, erect, construct, *111 enlarge, extend, or improve buildings for library purposes, including sites therefor, and equip and furnish such buildings.”
Pursuant to such section, the Ross County District Library is furnishing library service to boards of education in Ross County at a loss estimated from $8,500 to $12,000 per year, with an anticipated loss of $11,200 for 1958.
The Board of Tax Appeals held that, in allocating the amount for the increases in salaries for the district library’s needs, there was no requirement that such proposed increases be paid from money to be saved by cancelling or revising such contracts.
It seems to us that the Board of Tax Appeals should inquire into these contracts as to their businesslike fairness.
It will be observed that a board of education is to pay all or part of the expense of the library service, and it is reasonably logical to interpret the statute as meaning that, where a board of education can afford to pay all the expense, it should do so, and, where it should pay only part of the expense, this part should be ascertained on the basis of its ability to pay as determined by the taxable resources of the community which it serves. In other words, the contract should be on a basis of good business judgment, and a library should make its contract with a school board with the idea of the board paying as much of the cost of that service as its financial ability reasonably warrants. In such a case, the library will not have “need” to make up a deficiency in the cost, which the school board, although reasonably able to do so, does not pay.
As to the allocation of a larger amount for increases in salaries of the employees of the district library, the Board of Tax Appeals allowed $3,221.19 in excess of the amount requested by the district library, or some 37-plus per cent over the amount so requested, which will provide for an increase of 29 per cent over existing salaries. The board did not designate this increase as a need but simply termed it a “justifiable expense.”
A “need” and a “justifiable expense” are not synonymous terms, and we are in the dark as to whether the board considered the justifiable expense as a genuine need.
It would seem to us, upon the face of things, that the dis *112 trict library itself is in a better position than the board to appraise the need for salary increases, and that it would be clearly unreasonable to grant increases greater than the board requested.
It is true, as we said in the County of Montgomery case, supra, that, “in the first instance, the trier of the facts is the budget commission”; that, “where a trial de novo is held by the Board of Tax Appeals, it then becomes the trier of the facts”; and that, “unless its determination of the fact of ‘the needs of’ a particular library is unreasonable, this court will not disturb such determination.”
We are of the opinion, however, that in declining to examine the contracts between the Ross County District Library and the various school boards of Ross County as to their businesslike fairness, based upon the ability of the school boards to pay, and in declining to follow the recommendations of the district library as to salary increases for its employees, the decision of the Board of Tax Appeals, in the present case, is unreasonable.
The decision of the Board of Tax Appeals is, therefore, reversed, and the cause is remanded to that board for further proceedings in accordance with this opinion.

Decision reversed.

Zimmerman, Taet, Matthias, Bell and Herbert, JJ., concur.